IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ALUCIOUS WILLIAMS, JR., ) | |
|     Plaintiff, ) | |
| ) | Civil Action No. 7:22cv00666 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| CPT. GILBERT, *et al.*, ) | United States District Judge |
|     Defendants. ) | |

**MEMORANDUM OPINION**

      Plaintiff Alucious Williams, Jr., a Virginia prisoner proceeding *pro se*, filed a civil rights action in this court in April 2021, *Williams v. Gilbert*, No. 7:21cv00222. It was subsequently dismissed—and then reopened—on two separate occasions, and it has since been dismissed. The case is currently before the Fourth Circuit on appeal. After one of the earlier dismissals, which occurred after Williams had failed to file his second amended complaint by the court's deadline, the court received from Williams a document he titled as his "second amended complaint." *Williams*, No. 7:21cv00222, ECF Nos. 47, 50. In reopening the case after that dismissal, the court noted that the document in fact contained ten separate complaints. *Williams*, No. 7:21cv00222, ECF No. 50. The court thus severed each of the complaints into a separate case, and this case was created from the complaint he had titled "Complaint 3." (*See* Compl., Dkt. No. 1.)

      The complaint is now before the court for review, pursuant to 28 U.S.C. § 1915A(a), which requires the court to conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted). Before turning to the merits of his claims, however, the court first discusses

Williams's failure to comply with the joinder rules in filing this complaint.

## I.  MISJOINDER

Notably, when the court permitted Williams to file a second amended complaint in his original case, it specifically directed that the new complaint "most conform to the joinder rules," citing to and explaining Rules 18 and 20.  *Williams*, No. 7:21-cv-00022, ECF No. 27, at 1–2 & n.1.  The order also required Williams to "clearly state the name of each defendant and clearly explain how each defendant violated [his] federal rights."  *Id.* at 1.

The complaint that has been filed in this case—one of the ten complaints filed in response to the court's order—fails to comply with those instructions.  First of all, it is ninety-five pages long and names more than thirty-four defendants.  (*See generally* Compl., Dkt. No. 1.)  Most of the defendants are prison officials at Red Onion State Prison (Red Onion), but some are attorneys or other legal personnel at a law firm that was handling his late grandfather's estate and his grandfather's asbestos-related settlements.  (*See generally id.*)

The first eighty pages of the complaint contain detailed factual allegations, including numerous descriptions of conversations Williams overheard between others or to which he was a party, complete with dates, times, the persons involved in those conversations, and the location where those conversations or incidents occurred.  Many of them appear to be innocuous-sounding conversations, but Williams attributes them to evidence of a conspiracy between a number of the defendant prison officials and various inmates at Red Onion.  The primary aim of the conspiracy, he alleges, was to obtain money from him through the use of fraudulent documents and by other fraudulent devices.

His primary complaint relates to monies he received as a statutory beneficiary of his late grandfather, after his grandfather's estate received settlements in asbestos-related wrongful death lawsuits (or a single lawsuit that settled separately with different defendants).  He alleges that

many of the defendants, including prison officials and attorneys who were supposed to provide him with the settlement checks, worked in conjunction with other inmates to deprive him of those settlement monies. The checks were at least issued to him, but he claims that: some were paid to another party and never sent to him; some were sent and received, but never credited to his prison account; and some were credited to his account, but then illegally transferred from that account.[1] (Compl. ¶¶ 159–172.)

There are several problems with Williams's complaint. First of all, like the second amended complaint he filed in Case No. 7:21-cv-00222, the complaint here contains disparate claims against disparate defendants, in violation of Federal Rules of Civil Procedure 18 and 20. . For example, in addition to his conspiracy and fraud claims, he also alleges mail tampering, more than one incident of excessive force, that false disciplinary charges were filed against him, perhaps that due process violations occurred during those proceedings, and also that some of defendants took adverse actions against him in retaliation for his filing internal and external complaints and reporting their misconduct to superiors. He also includes an allegation about being given a COVID-19 vaccine, which he states he has "reason to believe" was "a second dose or phase of the unknown device or chemical agent . . . planted on" him." (Compl. ¶ 139.)

Additionally, the events at issue span years, beginning in September 19, 2019, and continuing through at least August 2, 2022. (*See, e.g.*, Compl. ¶ 29 (referencing the earlier date), ¶ 159 (referencing the later).)

Moreover, it is impossible to tell from his allegations which of his claims against which defendants are based on what factual allegations. In part, this is the result of the way he lists his legal claims. Specifically, his legal claims are set forth by naming a defendant or defendants in a

---

[1] Williams also alleges that monies were taken from his account as the result of fines imposed in disciplinary proceedings where he was convicted of false disciplinary charges. It is unclear if he is alleging that those funds were improperly given to any of the defendants or other inmates.

single paragraph and then a laundry list of claims, but with only general references back to which of the more than 150 paragraphs of factual allegations, and without specifying which prior allegations are intended to support which claim.  A typical example is as follows:

> Defendants Unit Manager B. Gibson, Eric Miller, [name illegible] Duncan, and Larry Collins violated plaintiff Williams First Amendment rights under the petition clause and freedom of speech clause, the Fifth Amendment under the takings clause, just compensation clause, and due process right under the life, liberty, and property interest, the Eighth Amendment cruel and unusual punishment and corporal punishment clause, the Fourteenth Amendment equal protection of the law clause, due process right under the life, liberty and property interest, by conspiring to commit [an] act of fraud in a wrongful death suit I am a statutory beneficiary of.  Conspiring to file a state tort and/or 1983 complaint in my name, and/or on my behalf[;] conspiring to change my power of attorney[;] conspiring to file for my income taxes and using my grandfather's estate on their taxes[;] illegally transferring money from my account to another offender's and sending me fraudulent trust statements[;] conspiring to obstruct criminal investigations into these crimes by instructing their subordinate officers to give other offenders the phone to speak to tax agents, lawyers, etc. and pulling other offenders out to pose as me for interviews with law enforcement agencies and lawyers[;] conspiring to have me attacked and/or murdered by inmates and assaulted by officers on at least 10 different occasions[;] and denying me of protective custody or the "STARS program" despite of multiple requests and assaults[;] conspiring to place me in Red Onion State Prison Long-term segregation (Intensive Management/Special Management) program and file criminal charges against me in order to gain leverage and out of retaliation[;] conspiring to bribe and extort my relatives, associates, lawyers, and law enforcement agencies[;] conspiring to tamper with my mail[; and] conspiring to place an unknown device and/or chemical agent on my person.

(Compl. ¶ 191.)

Moreover, although he attempts to paint a picture of a grand conspiracy, not all of the events involved all of the defendants.  Moreover, Williams has included claims against different defendants that neither arose "out of the same transaction or occurrence, or series thereof," or contained "a question of fact or law common to all the defendants."  *See Williams*, ECF No. 27,

at 2 n.1 (citing Fed. R. Civ. P. 20). Thus, his second amended complaint contains misjoined defendants and claims. As a result, Williams has failed to comply with the court's order to file a document without misjoined claims and defendants.

Williams attempts to overcome this failure by including bald assertions that the defendants were all jointly engaged in a conspiracy (or various conspiracies). As discussed in prior orders in Williams's cases, however, vague allegations of an overarching conspiracy cannot overcome the fact that the various incidents he references are unrelated. *See, e.g.*, *Ruttenberg v. Jones*, 283 F. App'x 121, 131–32 (4th Cir. 2008) (affirming dismissal of conspiracy claim where plaintiffs failed to plead facts that would "reasonably lead to the inference that [defendants] positively or tacitly came to a mutual understanding to try and accomplish a common and unlawful plan" and because "conclusory allegations of conspiracy" were insufficient) (citation omitted).

Accordingly, the court will dismiss this case because of Williams's failure to comply with the court's orders. *See Ballard v. Carlson*, 882 F.2d 93, 95–96 (4th Cir. 1989) (holding district court's dismissal of case for failing to comply with the court's directives was not an abuse of discretion, especially after the plaintiff received a warning). As the *Ballard* court explained, particularly after giving a warning, the district court had "little alternative to dismissal" and "[a]ny other course would have placed the credibility of the court in doubt and invited abuse." *Id.* at 96. This is perhaps particularly true here, where the procedural history of the original case reflects repeated delays and failure by Williams to satisfy court deadlines and comply with court instructions, which failures have already resulted in the court twice dismissing the original case and subsequently reopening it upon Williams's requests.

In light of that misjoinder, the court will retain only the claims arising from the alleged conspiracy to deprive him of property, and will dismiss the remainder of his claims without

5

prejudice. Williams may refile any other claims that he has not included in his other complaints in a new, separate case, once he is prepared to comply with the court's instructions.[2]

## II. DISMISSAL OF RETAINED CLAIM ON MERITS

With regard to the retained claim—and Williams's primary claim—that he was deprived of property (his money) through a conspiracy involving dozens of officers and offenders, and possibly attorneys at the law firm that represented his grandfather, the court reviews that claim pursuant to 28 U.S.C. § 1915A(a), which requires the court to conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted). Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

"To state a claim under § 1983[,] a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

---

[2] Even if his claims were not technically misjoined, the court concludes that allowing all of these claims against these many defendants to proceed in a single suit would make that lawsuit unwieldy and inefficient and would effectively allow Williams to challenge various incidents and aspects of his incarceration by various defendants in a single omnibus suit, in violation of the purposes of the Prison Litigation Reform Act ("PLRA"). Moreover, Rule 21 of the Federal Rules of Civil Procedure allows a court the discretion to "sever any claim against a party" and proceed with it separately. Fed. R. Civ. P. 21; *Spencer, White & Prentis, Inc. of Conn. v. Pfizer, Inc.*, 498 F.2d 358, 362 (2d Cir. 1974) ("[J]ustification for severance is not confined to misjoinder of parties."). Use of Rule 21 has been approved by circuit courts in the context of initial review of prisoner complaints, with and without misjoinder. *See Daker v. Head*, 730 F. App'x 765, 768 (11th Cir. 2018) (explaining that district court should have severed unrelated claims under Rule 21 and sua sponte dismissed improper defendants rather than dismissing prisoner's amended complaint); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (holding that district court should have severed case into separate actions or dismissed improperly joined defendants).

committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (citation and internal quotation marks omitted). Williams's allegations concerning the deprivation of his money fails to state a § 1983 claim.

Allegations that prison officials deprived an inmate of his property, whether intentionally or as a result of negligence, do not state any constitutional claim "if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Yates v. Jamison*, 782 F.2d 1182, 1184–85 (4th Cir. 1986) ("*Parratt [v. Taylor*, 451 U.S. 527 (1981)] and *Hudson* established the rule that a government official's random and unauthorized act, whether intentional or negligent, which causes the loss of private property is not a violation of procedural due process when the state provides a meaningful post-deprivation remedy.") (cleaned up). Here, Williams possessed post-deprivation remedies under Virginia law in the form of Virginia tort law and the Virginia Tort Claims Act. *See* Virginia Code § 8.01–195.3 ("[T]he Commonwealth shall be liable for . . . loss or property . . . caused by the negligent or wrongful act or omission of any employee while acting within the scope of his employment . . . ."). Thus, it is clear that he cannot prevail on any constitutional theory for the alleged property loss in this case.[3]

In short, because the claims retained in this case all relate to property losses, and because they fail to state a federal constitutional claim, any federal claims must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Although Williams does not specifically set forth any state-law claims, to the extent that any of his claims could be interpreted as a state-law claim (such as fraud or conversion), the

---

[3] Williams is not claiming that his monies were taken or converted pursuant to a prison policy, so the court does not address the slightly different analysis for a deprivation pursuant to policy, which can sometimes require pre-deprivation procedures. *Parratt v. Taylor*, 451 U.S. 527, 537 (1981); *Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (explaining that a violation occurs only if the procedural protections in the policy are inadequate to ensure that deprivations are lawful).

court declines to exercise jurisdiction over those claims. *See* 28 U.S.C. § 1367(c)(3).

### III. CONCLUSION

As explained above, Williams's complaint cannot proceed in its current configuration. Instead, the court has severed the case and retained in this case only his claims that defendants deprived him of monies he inherited as a statutory beneficiary of his grandfather's estate. As to those claims, he has failed to state a violation of his constitutional rights or federal law, and his claims must be dismissed. To the extent his allegations state a claim under state law, the court will decline to exercise jurisdiction over any state-law claims.

As to all other claims, they are not considered part of this case and are instead dismissed without prejudice to Williams's ability to refile those in a new and separate lawsuit or lawsuits, if he has not already raised them in one of the many other lawsuits he has filed in this court. Williams is advised again, though, that he may not bring them in the same lawsuit against all defendants unless joinder is permitted under Rules 18 and 20. An appropriate order will be entered.

Entered: June 22, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge